**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORENZO OLIVER, | |
| Petitioner, | Civil No. 06-4540 (FSH) |
| v. | **O P I N I O N** |
| NEW JERSEY STATE PAROLE BOARD, et al., | |
| Respondents. | |

**APPEARANCES**:

    LORENZO OLIVER, #221344
    East Jersey State Prison
    Rahway, New Jersey  07065
    Petitioner pro se

    STUART RABNER, Attorney General of New Jersey
    SUSAN MARIE SCOTT, Deputy Attorney General
    Attorneys for Respondents

**HOCHBERG**, District Judge

    LORENZO OLIVER (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254(a) (hereinafter "Petition"), naming New Jersey State Parole Board (hereinafter "NJPB"), Alfaro Ortiz, warden, and Zulima Farber, the Attorney General for the State of New Jersey, as Respondents, see Pet. at 1, and challenging the decision of NJPB reached as a result of Petitioner's latest parole hearing (hereinafter "Challenged Hearing"), which took place on March 1, 2004. See Pet., Br. at 3.

**BACKGROUND**

Petitioner's challenges set forth in Petitioner's sixty page submission could be effectively reduced to a claim that NJPB utilized an unduly broad evidentiary basis during the Challenged Hearing. see Pet. ¶ 12(A) and (B). Petitioner did not specify the exact remedies Petitioner was seeking to obtain. See Pet. ¶ 17.

On February 8, 2007, Respondents filed their response (hereinafter "Answer"). See Docket Entries Nos. 8 and 9. In their Answer, Respondents: (a) asserted that the evidentiary basis utilized by NJPB during Petitioner's Challenged Hearing was proper and, therefore, the decision reached by NJPB as a result of the Challenged Hearing should not be disturbed, see Docket Entry No. 8; and (b) moved this Court to seal part of Petitioner's record in the instant matter, specifically, Exhibit G to Respondents' Answer. See Docket Entry No. 9.

Respondents' Answer clarified that, following Petitioner's Challenged Hearing, an NJPB panel established Petitioner's future parole eligibility term (hereinafter "FET") of twenty months, see Ans. at 3 (citing Ans., Ex. E at Ra46), which was reduced to eighteen months on July 30, 2004. See id. Petitioner, however, found the imposition of the eighteen-month FET improper and appealed NJPB's determination to the State court. See id. Although NJPB's full Board affirmed the panel's decision to impose an eighteen-month FET, see id. (citing Ans., Ex. E at Ra85-Ra87),

on November 17, 2004, NJPB filed a motion with the State court on March 10, 2005, seeking remand of Petitioner's matter to NJPB on the grounds that an incorrect standard for parole consideration was utilized. See id. at 4, (citing Ans., Ex. B). NJPB's motion clarified that the correct suitability standard applicable to prisoners like Petitioner (that committed their underlying offenses prior to the enactment of the 1997 Amendment to 1979 Parole Act, N.J.S.A. 30:4-123.45, et seq.) should be "substantial likelihood that [the inmate] would commit a new crime if released on parole," see Ans., Ex. B, at 5, and NJPB erred in applying to Petitioner the standard set by the 1997 Amendment, namely, "a reasonable expectation that [the inmate] would violate conditions of parole if released on parole."[1] See id.

---

[1] The pertinent language of the Parole Act setting forth the standard could be effectively subdivided into two parts, namely, the suitability standard (hereinafter "Suitability Standard") and that setting forth the evidentiary basis (hereinafter "Evidentiary Basis"). See N.J.S.A. 30:4-123.56c (compare pre-Amendment language stating that "[a]n inmate shall be released on parole . . . unless new information [that is, the old Evidentiary Basis,] . . . indicates . . . that there is a substantial likelihood that the inmate will commit a crime . . . if released on parole," that is, the inmate fails to meet the old Suitability Standard, with the post-Amendment language stating that "[a]n inmate shall be released on parole . . . unless [all] information [that is, the new Evidentiary Basis,] indicates . . . that . . . there is a reasonable expectation that the inmate will violate conditions of parole . . . if released on parole," that is, the inmate fails to meet the new Suitability Standard). Respondents clarify the meaning of the word "new" by stating that "'new' information [means the information] developed since the prior parole hearing." Ans. at 2.

On April 1, 2005, the State court granted NJPB's motion and remanded the matter to NJPB. <u>See</u> Ans. at 4 (Citing Ans., Ex. C). After reconsidering Petitioner's matter under the old "substantial likelihood" Suitability Standard during April 13, 2005 hearing (hereinafter "Corrective Hearing"), NJPB re-established Petitioner's FET of eighteen months, and this decision was affirmed by the Board, as well as by the New Jersey Superior Court, Appellate Division.[2] <u>See</u> <u>id.</u> (citing Ans. Exs. E and I).

Petitioner now claims that NJPB violated the Ex Post Facto Clause of the U.S. Constitution[3] when NJPB utilized the new Evidentiary Basis when NJPB considered all -- rather than only new -- information on Petitioner's file during Petitioner's Challenged and Corrective Hearings. <u>See</u> Pet. ¶ 12(a). Petitioner asserts that, since NJPB evaluated Petitioner's entire record, the record presented Petitioner in the light less favorable than had only Petitioner's "new" information been examined, and this unfavorable presentation unconstitutionally diminished Petitioner's chances for

---

[2] Respondents concede that NJPB considered all information on Petitioner's file (rather than just "new" information) during both the Challenged and Corrective Hearings. <u>See</u> Ans. at 2.

[3] The clause reads "no State shall . . . pass any . . . ex post facto Law. . . ." U.S. Const. art. I, § 10 cl. 1.

4

parole.[4]  In addition, on March 8, 2007, Petitioner filed a motion to conduct discovery.  See Docket Entry No. 10.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and

---

[4] Petitioner maintains that, had NJPB evaluated only Petitioner's "new" information, that is, Petitioner's record for the period between Petitioner's parole hearing that took place on October 28, 2002, and immediately preceded the Challenged Hearing (hereinafter "Previous Hearing") and the Challenged Hearing, Petitioner would have been released on parole following the Challenged Hearing since, according to Petitioner, Petitioner's "new" information was impeccable.  See generally, Pet., Br.

5

may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[5] in state court

---

[5] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata (continued...)

proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged

---

[5](...continued)
effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001).

objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

## DISCUSSION

**A.   U.S. Supreme Court's Guidance as to Ex Post Facto Parole Law**

The Ex Post Facto Clause of the U.S. Constitution bars only those "enactments, which by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249-50 (2000) (relying on Lynce v. Mathis, 519 U.S. 433, 445-446 (1997); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 508-509 (1995); and Collins v. Youngblood, 497 U.S. 37, 42 (1990)). While parole regulations may be laws for purposes of ex post facto analysis, see Royster v. Fauver, 775 F.2d 527, 535-36 (3d Cir. N.J. 1985) (citing Forman v. McCall, 709 F.2d 852 (3d Cir. 1983)), "[t]o be eligible for habeas corpus based on a violation of the Ex Post Facto Clause, a petitioner must show both a retroactive change in law or policy and that this change [in parole law] caused individual disadvantage by creating a significant risk of increasing his punishment." Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 284 (3d Cir. 2005) (emphasis removed, internal quotations and citations omitted); see also Mickens-Thomas v. Vaughn, 321 F.3d 374, 384 (3d Cir. 2003).

It follows that not every retroactive change violates the Ex Post Facto Clause, even if the change creates a risk of affecting

a particular inmate's terms of confinement.  <u>See</u>  <u>Garner</u>, 529 U.S. at 250 (citing <u>Morales</u>, 514 U.S. at 509).

The Supreme Court guided that, "[t]he question is 'a matter of degree,'" <u>see</u> <u>id.</u> (citing <u>Morales</u>, 514 U.S. at 507, 510), and, if the amended law neither modifies the statutory punishment imposed for any particular offenses nor alters the initial date for parole eligibility or the suitability standard, the amendment does not violate the Ex Post Facto Clause since such amendment would (1) not change the basic structure of state parole law, but (2) merely vest the parole board with a discretionary function. <u>See</u> <u>id.</u> Applied to Petitioner's case, this guidance indicates a lack of an ex post facto violation with respect to NJPB's discretion to increase the scope of Evidentiary Basis while evaluating Petitioner's suitability for parole. Since the change in New Jersey law in no way prevented NJPB from placing substantial emphasis on Petitioner's "new" information, that is, the record accrued between the Previous Hearing and the Challenged Hearing, or from giving no weight whatsoever to Petitioner's record accrued prior to the Previous Hearing, an application of the post-1997-Amendment Evidentiary Basis to Petitioner did not violate the Ex Post Facto Clause.

While Petitioner asserts that the change in the Evidentiary Basis had necessarily disadvantaged him, the facts in his Petition indicate that application of the evidentiary basis permitted under

9

the 1997 Amendment to Petitioner "created only the most speculative and attenuated possibility of producing the . . . effect of increasing" Petitioner's FET rather than supplied an inherent "significant risk of prolonging [Petitioner's] incarceration." See id. at 251 (citing Morales, 514 U.S. at 509).

### B.     New Jersey's Treatment of Ex Post Facto Parole Law

The validity of application of the 1997 Amendment standard to inmates whose underlying offenses were committed prior to the enactment of the Amendment was examined by New Jersey State courts in the fashion similar to that described above. See Trantino v. New Jersey State Parole Bd. (hereinafter "Trantino App. Div."), 331 N.J. Super. 577 (N.J. Super. App. Div. 2000), modified in part, aff'd in part, remanded, 166 N.J. 113, 764 A.2d 940, 2001 N.J. LEXIS 4 (2001). In fact, the Trantino App. Div. Court specifically examined the issue whether the parole board had to be "limited to a consideration of 'new information' only" while considering parolability of those inmates whose offenses were committed prior to the enactment of the 1997 Amendment." Trantino App. Div., 331 N.J. Super. at 607. The state court found that the enactment of the 1997 Amendment "did not violate the Ex Post Facto Clause since this change in the law [was] a procedural modification that [did] not constitute a substantive change in the parole release criteria." Id. at 610 (citing, inter alia, Morales, 514 U.S. 499,

10

and Beazell v. Ohio, 269 U.S. 167 (1925)).  Moreover, the court in Trantino App. Div. expressly noted that the ex post facto claim is meritless because "much of the . . . information considered by the Board [could have been] 'new information.'"  Id. at 611.

In Petitioner's case, the State court followed the approach of Trantino App. Div.  See Ans. (discussing the similarities between on Trantino App. Div. and Petitioner's case) and Ex. I, at 11 (the decision of the State court, which presided over Petitioner's appeal, concluding that the Evidentiary Basis, which included all information on Petitioner's file rather than only "new" information, did not violate the Ex Post Facto Clause and suggesting that NJPB's decisions reached as a result of the Challenged Hearing might have been predominantly based on the "new" information).  Since Petitioner's "new" record contains numerous unfavorable evaluations, see Ans., Ex. G, this Court finds the determination of the State court reasonable and in line with the above-discussed Supreme Court precedents.

Therefore, this Court concludes that the State court's finding that NJPB's application of the post-1997-Amendment Evidentiary Basis to Petitioner did not violate the Ex Post Facto Clause was not unreasonable and, therefore, denies Petitioner a writ of habeas corpus.[6]

---

[6] The Court expressly notes that the Court's findings are limited to Petitioner's circumstances where Petitioner's (continued...)

11

**C.    Respondents' Motion to Seal**

Local Civil Rule 5.3(c) allows the Court to permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by that party, by formal motion made pursuant to L. Civ. R. 7.1.  See L. Civ. R. 5.3(c).  In the present case, this Court finds that Respondents have described the nature of the material contained in Respondents' Answer, Exhibit G, as confidential mental evaluations and assessments and shown the interest that warrants the relief of sealment of this material in view of Petitioner's privacy interest and security interest in maintaining confidentiality of the providers of the diagnostic and evaluative information.  The Court finds that, should the information contained in Petitioner's records be revealed to the public, the injury to Petitioner's privacy interest would be irreparable, and the safety of the professional who prepared the record would be at risk.  Finally, the Court finds that, because Petitioner had access to all factual information contained in his records, either by his presence at the evaluations or by summaries provided in Respondents' briefs and affirmations filed in the instant action, there is not a less restrictive alternative to the relief of sealment sought by Respondents.

---

[6](...continued)
suitability for parole *was re-evaluated under the pre-1997-Amendment Suitability Standard* rendering this aspect moot.

Therefore, Respondents' motion to seal will be granted.  In view of this Court's final disposition of this matter, Petitioner's motion to conduct discovery will be denied as moot.

## **CERTIFICATE OF APPEALABILITY**

The Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by Petitioner demonstrates that he failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

**CONCLUSION**

Since NJPB's application of the Evidentiary Basis set forth in the 1997 Amendment to Petitioner did not violate the Ex Post Facto Clause, this Court denies Petitioner's Petition on the merits.

Respondents' motion to seal is granted.  Petitioner's motion to conduct discovery is denied as moot. A certificate of appealability will not issue.

An appropriate Order accompanies this Opinion.


                                          ____/s/ Faith S. Hochberg_____
                                           **United States District Judge**
Dated: March 26, 2007